UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
EVANSVILLE DIVISION

| | |
|---|---|
| CYNTHIA MAYER ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | CAUSE NUMBER: |
| ) | |
| TEXAS ROADHOUSE ) | |
| MANAGEMENT CORP. ) | |
| ) | |
| Defendant. ) | |

**COMPLAINT AND DEMAND FOR JURY TRIAL**

**I. NATURE OF THE CASE**

1.  This is an action brought by Plaintiff, Cynthia Mayer ("Mayer"), by counsel, against Defendant, Texas Roadhouse Management Corp. ("Defendant"), alleging violations of the Americans with Disabilities Act of 1990 ("ADA").

**II. PARTIES**

2.  Mayer is a resident of Warrick County, Indiana, who at all relevant times to this action, resided within the geographical boundaries of the Southern District of Indiana.

3.  Defendant routinely conducts business within the geographical boundaries of the Southern District of Indiana.

**III. JURISDICTION AND VENUE**

4.  Jurisdiction is conferred on this Court over the subject matter of this litigation pursuant to 28 U.S.C. §1331; 28 U.S.C. §1343; and 42 U.S.C. §12117.

5. Defendant is an "employer" as that term is defined by 42 U.S.C. §12111 (5).

6. Mayer was an "employee" as that term is defined by 42 U.S.C. §12111 (4). Plaintiff has a "disability" as that term is defined by 42 U.S.C. §12102(2)

7. Mayer satisfied her obligation to exhaust her administrative remedies having timely filed a Charge of Discrimination with the U.S. Equal Employment Opportunity Commission (Charge Number: 470-2022-04298) against Defendant alleging disability discrimination and retaliation. Mayer received her Notice of Suit Rights on April 30, 2023, and timely files this action.

8. A substantial part of the events, transactions, and occurrences concerning this case arose in the geographical environs of the Southern District of Indiana; thus, venue is proper in this court.

## IV. FACTUAL ALLEGATIONS

9. In or around April 2016, Mayer began working for Defendant at a restaurant located at 7900 Eagle Crest Boulevard, Evansville, Indiana 47715. Mayer's job was to help the servers by rolling silverware in lines to be placed on the tables in the restaurant.

10. At all relevant times, Mayer met or exceeded Defendant's legitimate performance expectations.

11. Mayer is a qualified individual with a disability, has a record of a disability, and has been regarded as disabled by the Defendant. Mayer suffers from intellectual and developmental impairments and depression. She has been

adjudicated as disabled by the Social Security Administration and receives disability benefits.

12. Mayer obtained her employment with Defendant through a job coach, Sycamore Services, Inc., a nonprofit organization providing services to persons with intellectual and developmental disabilities.

13. In or around February 2022, Jonathan Brown ("Brown"), at the time a Manager at the Restaurant, began inexplicably bullying and harassing Mayer about her job performance. This harassment included but was not limited to;

   a. Brown consistently and daily yelled at Mayer during their overlapping shifts;

   b. Brown consistently and daily yelled at Mayer to work faster;

   c. Brown consistently and daily threatened to terminate Mayer's employment; and

   d. Brown consistently and daily caused Mayer to cry during and after her shifts.

14. In or around late March or early April 2022, Mayer's mother, Beth Rahm, called Defendant's corporate phone number to report Brown's harassment on behalf of Mayer.

15. The following day, Brown learned of the complaint and yelled at Mayer even more than he had previously. In a subsequent call by Beth Rahm to Defendant's corporate number, Defendant denied any harassment.

16. On or around April 4, 2022, Mayer's stepfather, Ed Rahm, spoke to Brown on behalf of Mayer. During that conversation, Ed Rahm told Brown that due to her disabilities, Mayer was suffering emotional distress from Brown yelling at her. Ed Rahm asked that as an accommodation, Brown should communicate any job concerns through Mayer's job coach instead of yelling at her on the job. Brown did not change his behavior.

17. It was also in this conversation, Ed Rahm asked for clarification on Mayer's job duties and responsibilities – specifically related to the amount of silverware Mayer was expected to handle in a shift and if Brown could demonstrate how Mayer was supposed to properly roll the silverware. Brown refused to provide this information.

18. On or around April 17, 2022, Brown's behavior reached an apex, compelling Mayer to reach out to her job coach citing fear of Brown and an inability to return to work for her next scheduled shift on April 18, 2022.

19. Defendant's General Manager, Jonathan Blann ("Blann"), communicated through Mayer's job coach that if she did not report to work on April 18, 2022, she would be terminated.

20. Mayer did not return to work and was terminated by Defendant.

21. Similarly situated employees, outside of Mayer's protected class, were not subjected to the same treatment by Brown.

## V. CAUSES OF ACTION

### COUNT I: VIOLATION OF ADA – DISABILITY DISCRIMINATION

4

22. Mayer hereby incorporates paragraphs one (1) through twenty-one (21) of her Complaint as if the same were set forth at length herein.

23. Mayer suffers from a disability that substantially impacts her way of life.

24. Mayer was discriminated against based on her actual or perceived disability when she was subject to less favorable terms and conditions in her employment.

25. Defendant discriminated against Mayer on the basis of her disability by failing to engage in the interactive process in good faith and denying her reasonable accommodations.

26. Defendant's actions violated the Americans with Disabilities Act, 42 U.S.C. § 12101 *et seq.*

27. Defendant's conduct was intentional, willful, and in reckless disregard of Mayer's civil rights.

### COUNT II: VIOLATION OF ADA – RETALIATION

28. Mayer hereby incorporates by reference paragraphs one (1) through twenty-seven (27) of her Complaint.

29. Mayer's mother engaged in a protected activity on her behalf when she filed a complaint of disparate treatment due to her disability with Defendant's corporate offices.

30. Mayer's stepfather engaged in a protected activity on her behalf when he filed a complaint of disparate treatment due to her disability to Brown directly.

31. Mayer was subjected to disparate treatment as a result of engaging in a protected activity.

32. Defendant's actions were willful, intentional, and done with reckless disregard for Mayer's civil rights as protected by the Americans with Disabilities Act, 42 U.S.C. § 12101 *et seq.*

33. Mayer has suffered and continues to suffer damages as a result of Defendant's unlawful actions.

## VI. REQUESTED RELIEF

WHEREFORE, Plaintiff, Cynthia Mayer, respectfully requests that this Court enter judgment in her favor and award her the following relief:

1. Reinstate Mayer's employment to the position, salary, and seniority level she would have enjoyed but for Defendant's unlawful actions; and/or payments to Seales of front pay in lieu thereof;

2. All wages, benefits, compensation, and other monetary loss suffered as a result of Defendant's unlawful actions;

3. Compensation for any and all other damages suffered as a consequence of Defendant's unlawful actions;

4. Compensatory damages for Defendant's violations of the ADA;

5. Punitive damages for Defendant's violations of the ADA;

6. All costs and attorney's fees incurred as a result of bringing this action;

7. Pre- and post-judgment interest on all sums recoverable; and

8. All other legal and/or equitable relief this Court sees fit to grant.

Respectfully Submitted,

*/s/ Andrew Dutkanych*_____
Andrew Dutkanych
BIESECKER DUTKANYCH & MACER, LLC
144 North Delaware Street
Indianapolis, Indiana 46204
Telephone:   (317) 991.1765
Facsimile:    (812) 424-1005
Email:          ad@bdlegal.com
*Counsel for Plaintiff, Cynthia Mayer*

## DEMAND FOR JURY TRIAL

Plaintiff, Cynthia Mayer, by counsel, requests a trial by jury on all issues deemed so triable.

*/s/ Andrew Dutkanych*_____
Andrew Dutkanych
BIESECKER DUTKANYCH & MACER, LLC
144 North Delaware Street
Indianapolis, Indiana 46204
Telephone:   (317) 991.1765
Facsimile:    (812) 424-1005
Email:          ad@bdlegal.com
*Counsel for Plaintiff, Cynthia Mayer*